IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| STEPHEN WAYNE NORWOOD, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>RICK THALER, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>        Respondent. ) | Civil No. 7:07-CV-066-O |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Wynne Unit of the Texas Department of Criminal Justice in Huntsville, Texas. On October 31, 1991, pursuant to his plea of guilty, Petitioner was convicted for the offense of burglary of a building. Petition ¶¶ 1-4; *State v. Norwood*, No. 6920 (90th Judicial District of Young County, Texas); *Ex parte Norwood*, App. No. WR-62,155-01, Event ID No. 2198013, at pp. 25-27. As an habitual offender, he was sentenced to life in prison. *Id.*

In the instant petition, Norwood does not attack his conviction. Rather, he challenges the revocation of his parole. Norwood was granted parole and released on November 30, 2001. Respondent's Exhibit A. He was returned to the custody of the Texas Department of Criminal Justice ("TDCJ") on February 14, 2005 from FCI Seagoville without new state charges, but in violation of his parole. *Id.* He was allowed jail credit from March 23, 2003 pursuant to a pre-

revocation arrest warrant issued April 11, 2002 by the Parole Division. *Id.* Norwood's parole was ultimately revoked on November 21, 2006. Respondent's Exhibit B.

On October 25, 2005 and again on December 20, 2006, Norwood filed time credit disputes with the TDCJ's Classification and Records Division. Respondent's Exhibit A. The Classification and Records Division found no error in the time calculated on Norwood's sentence. *Id.* On April 5, 2005, Norwood filed a state habeas application relating to his time-credit dispute and challenging his parole revocation. *Ex parte Norwood*, App. No. WR-62,155-02, Event ID No. 2246067, at pp. 8-67. The Texas Court of Criminal Appeals denied the application on January 10, 2007 without written order. *Id.*, Event ID No. 2272973 at cover. Norwood filed the instant petition on April 26, 2007. Petition p. 9. He seeks federal habeas relief on the following grounds:

1. he was denied a preliminary parole revocation hearing;

2. he was denied fair notice that parole would be revoked due to a federal offense;

3. the Parole Board failed to provide him with an opportunity to request counsel;

4. he was denied a final parole revocation hearing;

5. the parole warrant became invalid due to time limitations;

6. the state lost primary jurisdiction because federal charges were pending and because the state dismissed his attorney;

7. his good-time credits were taken without notice or a hearing;

8. the Parole Board did not have the authority to receive him from federal custody, and;

9. he should be eligible for release to mandatory supervision despite his life sentence.

Petition ¶¶ 20.A-F.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which governs this Court's habeas review, provides in relevant part that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one, and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on *substantive* rather than *procedural* grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d).

In his first ground for relief, Norwood claims that he was denied a preliminary parole revocation hearing. Petition ¶ 20.A. He argues that, although he was taken from state custody into federal custody to face federal charges, the state was still obligated to afford him a timely preliminary parole revocation hearing because a parole violator warrant had been issued. Petitioner's Brief pp. 11-15.

A defendant in parole revocation proceedings is entitled to certain due process protections, albeit not the more extensive safeguards available in a traditional criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). These procedural safeguards include:

1. written notice of the alleged parole violations;
2. disclosure of the evidence against him;
3. an opportunity to be heard personally and to present evidence;

|     |     |     |
| --- | --- | --- |
|     | 4.  | the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation; |
|     | 5.  | a hearing before a neutral and detached body, and; |
|     | 6.  | a written statement by the fact finders describing the evidence reviewed and the reasons for revoking parole. |

*Id.* at 489.

Norwood was arrested on March 23, 2003 for committing a federal offense, possession of ammunition by a convicted felon. Respondent's Exhibits A & C. He remained in federal custody until February 14, 2005, when he was returned to state custody. *Id.* When he was returned to state custody, Norwood had already entered a plea of guilty and had been convicted on the federal charge of possession of ammunition by a convicted felon. Respondent's Exhibit C.

Texas Government Code § 508.2811 provides that, within a reasonable time, the Parole Board must provide a preliminary hearing for a parolee to determine whether probable cause or reasonable grounds exist to believe that the inmate or person has committed an act that would constitute a violation of a condition of release unless, after release, he "has been adjudicated guilty of or has pleaded guilty or *nolo contendere* to an offense committed after release, other than an offense punishable by fine only involving the operation of a motor vehicle, regardless of whether the court has deferred disposition of the case, imposed a sentence in the case, or placed the inmate or person on community supervision. Tex. Gov't Code § 508.2811(2)(B) (West 1999). Norwood entered a plea of guilt and was sentenced in federal court prior to his return to state custody. Thus, Norwood was not entitled to a preliminary hearing on his parole revocation.

Even if the state of Texas had put a detainer on him while in federal custody, Norwood would have no right to an immediate revocation hearing. A prisoner against whom a detainer has

been lodged in connection with a parole violation is not "in custody" of the parole authority and, therefore, does not have a right to an immediate parole revocation hearing. *Moody v. Daggett*, 429 U.S. 78, 87-88 (1976); *Koetting v. Thompson*, 995 F.2d 37, 39 (5th Cir. 1993); *Cook v. United States Atty. Gen.*, 488 F.2d 667, 671 (5th Cir. 1974).

Finally, even if the Parole Board erred in failing to afford Norwood a preliminary revocation hearing, he cannot prevail on this ground. Habeas relief, even for constitutional error is appropriate only if the error had a substantial and injurious effect or influence in determining the outcome of the proceedings. *Fry v. Pliler*, 551 U.S. 112 (2007); *Brecht v. Abrahamson*, 507 U.S. 619 (1993). The purpose of a preliminary hearing is to determine whether there is probable cause to believe that the parolee committed an act that violated the conditions of his release. *Morrissey*, 408 U.S. at 485. An inmate is not entitled to relief when the State has provided him with a full evidentiary hearing before the revocation of his parole, even though he was not given a preliminary hearing, because his incarceration is no longer related to the lack of a preliminary hearing. *See Collins v. Turner*, 599 F.2d 657, 658 (5th Cir.1979) (per curiam) (denying habeas relief for failure to conduct preliminary probation revocation hearing when final revocation hearing had been conducted). Norwood was provided with a final revocation hearing on November 10, 2006. *Ex parte Norwood*, App. No. WR-62,155-02, Event ID No. 2270022, at pp. 9-10. He has not demonstrated that the outcome would have been different had a preliminary hearing been held. As Norwood's current incarceration has no connection to the lack of a preliminary revocation hearing, he is not entitled to habeas relief.

In his second ground for relief, Norwood claims he was denied fair notice that parole would be revoked due to the federal offense. Petition ¶ 20.A; Petitioner's Brief pp. 14-18. He argues that the "state waited until after his federal guilty plea to spring their ambush proceedings." *Id.*

A parolee facing revocation is entitled to notice of the preliminary hearing and notice that it's purpose is to determine whether there is probable cause to believe that he violated the conditions of release. *Morrissey*, 408 U.S. at 486-87. The notice should state the nature of the alleged violations. *Id.* at 487. The purpose of the preliminary hearing is to determine whether there is probable cause sufficient to warrant detaining the parolee until a final revocation hearing is held. *Id.*

Upon his parole release, Norwood was put on notice that, as a condition of his parole, he was required to obey all municipal, county, state and federal laws. Respondent's Exhibit E. He acknowledged that his failure to comply with such conditions would result in the revocation of his parole. *Id.* Norwood was arrested and detained on federal charges, not on a parole violator's warrant. Therefore, a probable cause determination with regard to his detention under a parole violator's warrant was unnecessary. Norwood was not detained pursuant to the warrant. Additionally, on February 22, 2005, Norwood was provided with formal notice that, as a result of his federal conviction, his parole was subject to revocation and that a hearing would be held. Petitioner's Exhibit E. Because he was afforded timely notice of potential revocation, Norwood is not entitled to habeas relief on this ground.

In his third ground for relief, Norwood claims that the Parole Board failed to provide him with an opportunity to request counsel. Petition ¶ 20.A; Petitioner's Brief pp. 19-20. There is no absolute right to appointment of counsel in a parole revocation proceeding. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Due process may entitled a parolee to appointed counsel in revocation hearing where disputed issues require the marshaling of facts and witness examination and the petitioner

risks forgoing his rights. *Id*. The decision to appoint counsel in a revocation proceeding should, therefore, be made on a case-by-case basis. *Id*. at 790.

In the case at bar, the record reflects that Norwood was advised that, under certain circumstances, an attorney could be appointed for a parolee facing revocation. Respondent's Exhibit D. Although Norwood makes no claim that he actually requested appointed counsel, *see* Petitioner's Brief pp. 19-20, the record reflects that appointment of counsel was "DISAPPROVED" and that the "OFFENDER'S Motion for State Appointed Attorney was DENIED." Respondent's Exhibit F at pp. 1 & 4. The hearing officer based the denial of counsel upon his determination that Norwood "was articulate and capable of representing himself, the law violation was adjudicated, and [Norwood] had no history of mental illness." *Id.* at p. 5.

A review of the record reflects that Norwood entered a plea of guilty to the federal offense of possession of ammunition by a convicted felon. Given this fact, this is not a case in which the skill of an attorney would be required to marshal controverted facts and examine witnesses. Thus, the lack of appointed counsel was not constitutionally infirm. Furthermore, Norwood has made no showing that state court's denial of this ground for relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C.A. § 2254(d) (West 2006).

In his fourth ground for relief, Norwood alleges that he was denied a final parole revocation hearing. Petition ¶ 20.B. This claim has no basis in fact. Norwood was afforded a revocation hearing on November 10, 2006. Respondent's Exhibit F. The record reflects that, during the

hearing, Norwood elected not to participate, stood up, and left the room. *Id.* Norwood cannot create his own constitutional error by refusing to accept the due process protections offered him by the state. He is not entitled to relief on this ground.

In his fifth ground for relief, Norwood argues that the parole violator warrant became invalid due to time limitations. Petition ¶ 20.B; Petitioner's Brief at pp. 23-25. Specifically, Norwood claims that, under Texas law, state officials were required to hold a hearing within 41 days after execution of the parole violator's warrant. *Id.* He posits that, because state authorities relinquished his custody to federal authorities without conducting a hearing within 41 days, the state forfeited it's jurisdiction to the federal government which invalidated the state's administrative process. *Id.* At the same time, Norwood argues that he was only "on loan" to the federal government and the state's jurisdiction continued uninterrupted such that he was entitled to a final parole hearing within 41 days of the execution of his warrant. Petitioner's Brief at p. 25.

Norwood alleges a violation of state law which does not, without more, present an issue of constitutional magnitude. The Parole Board's failure to comply with state procedural rules presents questions of state law only, which are not cognizable in a federal habeas corpus proceeding. "Federal court hold not supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Fierro v. Lynaugh*, 879 F.2d 1276, 1278 (5th Cir. 1989). Norwood's claim that a state law was not satisfied is not subject to review by this Court. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).

Even if the violation of a state law was cognizable in a federal habeas proceeding, Norwood has not shown a state law violation by the Parole Board. As noted by Respondent, because Norwood was indicted and subsequently convicted for a new felony offense, the 41 day deadline to conduct

a final parole revocation hearing under Texas Government Code § 508.282(a)(1)(A) did not apply. Tex. Gov't Code § 508.282(a)(1)(A); *see Ex parte Cordova*, 235 S.W.3d 735, 736 (Tex. Crim. App. 2007) ("Applicant has been indicted for a new offense; therefore the forty-one day deadline for giving Applicant his final parole revocation hearing under Texas Gov't Code Section § 508.282(a)(1)(A) does not apply."). "A parole panel, a designee of the board, or the department is not required to dispose of the charges against an inmate or person within the period required by Subsection (a) if: (1) the inmate or person is in custody in another state or a federal correctional institution." Tex Gov't Code 508.283(b). Norwood remained in federal custody until after he pleaded guilty to the offense of possession of ammunition by a convicted felon. The record in this case establishes that the 2002 parole violator warrant had not been withdrawn by the Parole Board. *Ex parte Norwood*, App. No. WR-62,155-02, Event ID No. 2270022, at pp. 15-16. Therefore, Norwood has failed to establish a violation of state law.

Moreover, federal courts must defer to state court interpretations state law. *Reddix v. Thigpen*, 805 F.2d 506, 511 (5th Cir. 1986); *Weeks v. Scott*, 55 F.3d 1059 (5th Cir. 1995). Norwood's state habeas application was "denied without written order." *Ex parte Norwood*, App. No. WR-62,155-02, Event ID No. 2272973, at Cover. The "denial" as opposed to "dismissal" of a state habeas application constitutes an adjudication of the claims on the merits. *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Thus, the denial of Norwood's state application necessarily represents a state court finding that no state law violation occurred during the revocation process. Norwood is not entitled to federal habeas relief on this ground.

In his sixth ground for relief, Norwood alleges that the state lost primary jurisdiction because federal charges were pending and because the state dismissed his attorney. Petition ¶ 20.C; Petitioner's Brief at pp. 28-33. He further alleges that, when he was released on parole in 2001, the state "relinquished primary jurisdiction with respect to his 1991 state conviction." Petitioner's Brief p. 28. Norwood argues that he should have remained in federal custody until the completion of his federal sentence. *Id.* at p. 32.

Norwood entered a plea of guilty in his federal case and, on August 24, 2004, he was sentenced to 210 months confinement with the sentence to run consecutively to the state court sentence impose in Cause No. 6920. Respondent's Exhibit C; *United States v. Norwood*, No. 7:03-CR-003-O (N.D. Tex.). On August 3, 2006, judgment in the federal case was amended to reflect a sentence pf 180 months to run consecutively to the state court sentence impose in Cause No. 6920. Pursuant to the federal court's judgment, Norwood will not begin serving his federal sentence until he has completed serving his state court sentence. Therefore, Norwood is properly in state custody. This ground for relief is without merit.

In his seventh ground for relief, Norwood claims that his good-time credits were unlawfully taken without notice or a hearing. Petition ¶ 20.D; Petitioner's Brief at pp. 34-37.

Norwood's claim relating to the forfeiture of good-time credits does not implicate a constitutionally protected liberty interest and is, therefore, without merit. In 1991, when Norwood committed the state offense, the Texas Government Code provided in pertinent part:

> On the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all good conduct time previously accrued. On return to the department the inmate may accrue new good conduct time for subsequent time served in the department. The director may restore good conduct time forfeited on a revocation that does not involve a new criminal conviction after the inmate has served at least three months of good behavior in the department, subject to rules adopted by the

> department. Not later than the 60th day after the date an inmate is returned to the department following a revocation of parole or mandatory supervision, the Board of Pardons and Paroles shall notify the director of the grounds for revocation

Tex. Gov't Code § 497.004(b) (West 1991). The language of the Texas statute regarding the non-restoration of good-time credit is mandatory and does not create a liberty interest in good-time credits forfeited upon revocation of parole. *Ex parte Henderson*, 645 S.W.2d 469, 471-72 (Tex. Crim. App. 1983); *see Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that a state may create a liberty interest in good-time credits which would then be protected under the due process clause of the Fourteenth Amendment); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's protected liberty interests are limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life). Thus, Norwood is not entitle to habeas relief with regard to the forfeited good-time credits.

In his eighth ground for relief, Norwood argues that the Parole Board did not have the authority to receive him from federal custody. Petition ¶ 20.E. As discussed earlier, Norwood's federal sentence was imposed to run consecutively to his state sentence. Therefore, it was proper for him to be remanded to the custody of the State of Texas. Norwood is not entitled to relief on this ground.

In his final ground for relief, Norwood claims that he should be eligible for release to mandatory supervision despite his life sentence. Petition ¶ 20.F; Petitioner's Brief at pp. 45-48. Norwood failed to present this claim in his state habeas application. Although he attempted to raise the claim in an amendment to his state habeas application, the Texas Court of Criminal Appeals had already entered its decision. *Ex parte Norwood*, App. No. WR-62,155-02, Event ID No. 2280905 at p. 6 & Event ID No. 2272973, at Cover. Therefore the Court of Criminal Appeals never had the

opportunity to review this ground for relief. Under the circumstances, this ground is unexhausted and procedurally barred. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see Wheat v. Johnson*, 238 F.3d 357, 360-61 (5th Cir. 2001) ("[t]here is simply no authority to support the proposition that a petitioner has a constitutional right to have untimely submitted materials considered on their merits") (citing Coleman v. Thompson, 501 U.S. 722 (1991)).

Even assuming *arguendo* that this ground is not procedurally barred, Norwood is not entitled to federal habeas relief. Because he is serving a life sentence, Norwood will never be factually eligible for mandatory supervision. His good time credits plus time served can never equal his life sentence such that he would be eligible for mandatory release prior to his death. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). Therefore, he has no liberty interest at stake such that habeas relief is warranted.

The Court of Criminal Appeals "denied [Norwood's state habeas application] without written order." *Ex parte Norwood*, App. No. WR-62,155-02, Event ID 2272973 at Cover (Tex. Crim. App. 2007). In Texas, when the Court of Criminal Appeals "denies" a petition for writ of habeas corpus rather than "dismissing" it, the grounds for relief are disposed of on the merits. *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

Upon review of the papers, pleadings and records in this case, the Court finds that Petitioner has failed to establish that the state court's adjudication of his grounds for habeas relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C.A. § 2254(d) (West 2010). Petitioner has further failed to demonstrate that the state court's decision was based

upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 28th day of September, 2010.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**